

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                      Criminal No. 3:07cr488

CAMERON CLAYTON

## MEMORANDUM OPINION

Cameron Clayton filed this motion pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. The United States responds that Clayton's § 2255 motion lacks merit. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On January 24, 2008, a grand jury returned a four-count superseding indictment against Clayton charging him with one count of conspiracy to interfere with commerce by threats and violence (Count One); one count of attempting to possess with intent to distribute cocaine (Count Two); one count of using, carrying, or brandishing firearms during and in relation to a crime of violence and drug trafficking crime (Count Three); and one count of possession of a firearm by a convicted felon (Count Four). On March 7, 2008, Clayton pled guilty to Counts One and Three of the superseding indictment. Counts Two and Four were dismissed. On May 30, 2008, the Court sentenced Clayton to a total active term of incarceration of 408 months.

On May 26, 2009, Clayton placed his 28 U.S.C. § 2255 motion in

the prison mailing system.[1] Clayton raised the following claims in his § 2255 motion:

| | |
|---|---|
| Claim One | "Petitioner would like to argue the commerce issue in the case. The firearm . . . . was stolen prior to my taking it. . . . I never transported the firearm across state lines with no intentions to." (§ 2255 Mot. 5 (capitalization and spelling corrected).) |
| Claim Two | "My court-appointed counsel did not provide me with the correct information that would have helped my decision making in my case. I was not told of any commerce laws, only that I was guilty and not to go to trial." (§ 2255 Mot. 6 (capitalization and punctuation corrected).) |

The United States has filed a response, contending that Clayton's claims lack merit. In his reply, Clayton re-asserts the grounds for relief raised in his § 2255 motion. Clayton also asserts a new ground for relief:

| | |
|---|---|
| Claim Three | Counsel rendered ineffective assistance by failing to explain "the plea[] agreement which has Defendant under the Armed Career Guidelines and Enhancements." (Petr.'s Reply to Response of U.S. to § 2255 motion, at 3.) |

The Court will treat Claim Three as though it were raised in a motion to amend, and deny the amendment as Claim Three is untimely.

---

[1] The motion is deemed filed for statute of limitations purposes as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

## II. INTERSTATE COMMERCE

In Claim One, Clayton argues that his convictions are unlawful because the victim and firearm were not involved in interstate commerce. The interstate commerce nexus is satisfied by a showing that the firearm was manufactured outside of the state where the defendant possessed it. United States v. McQueen, 445 F.3d 757, 759 (4th Cir. 2006); see also United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). Clayton stipulated that both the firearm he brandished and the firearm stolen during the crime "had been manufactured outside of the Commonwealth of Virginia, and as such had traveled in interstate or foreign commerce." (Statement of Facts ¶ 18.) Clayton does not now attempt to deny this earlier stipulation. Accordingly Claim One will be DISMISSED.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Satisfying the deficient performance facet of Strickland requires the defendant to overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The

3

prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Furthermore, in analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court has modified the prejudice prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

As noted in the previous section of this opinion, Clayton's arguments are without merit. Counsel's failure to consult with Clayton regarding meritless grounds of defense cannot be deficient. Moreover, Clayton fails to demonstrate any reasonable probability that he would have pled not guilty if counsel advised him on the lack of a viable challenge to the interstate commerce element of his crime. Claim Two will be DISMISSED.

## IV. STATUTE OF LIMITATIONS

A one-year statute of limitations applies to any motion to vacate, set aside, or correct a sentence. Specifically, 28 U.S.C. § 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Clayton was sentenced in this Court on May 30, 2008, and did not file an appeal. Clayton's conviction therefore became final on June 13, 2008. See Arnette v. United States, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). Clayton had one year from that date, or until Monday, June 15, 2009 to file any claims for § 2255 relief.

The § 2255 motion itself is, of course, timely. Claim Three,

5

however, was raised in Clayton's reply to the response of the United States, which was executed on February 24, 2010. Claim Three is therefore untimely unless it relates back to his first filing. See Fed. R. Civ. P. 15(c)(1)(B) (allowing relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading"). The Supreme Court has stated that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). Nevertheless, an amended claim "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

In this regard, it is not sufficient that the new claim simply has the same form as the original claims, if the new claim "arises out of wholly different conduct." United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (citing Davenport v. United States, 217 F.3d 1341, 1346 (11th

Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)). Here, Clayton's amended claim pertaining to the alleged inadequate advice from counsel regarding the sentencing guidelines arises from "different conduct and transactions" than challenged in the original motion. Pittman, 209 F.3d at 318; see United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (concluding that an amended claim alleging that counsel was ineffective on cross-examination did not relate back to an original claim alleging that counsel was ineffective for failing to object to the admission of evidence). Accordingly, Clayton's attempt to amend his § 2255 motion will be DENIED.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that

Clayton is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Clayton and counsel of record.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 12, 2010
Richmond, Virginia