IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:07CR488

CAMERON CLAYTON,

     Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 15, 2010, the Court denied a 28 U.S.C. § 2255 motion filed by Cameron Clayton. (ECF Nos. 109, 110.) On June 22, 2020, the Court received another 28 U.S.C. § 2255 Motion from Clayton, filed by counsel. ("Successive § 2255 Motion," ECF No. 163). The following day, the Court received a MOTION TO STAY PENDING RESOLUTION OF APPLICATION FOR CERTIFICATE OF APPEALABILITY ("Motion to Stay," ECF No. 165), and AMENDED MOTION TO STAY PENDING RESOLUTION OF APPLICATION FOR CERTIFICATE OF APPEALABILITY ("Amended Motion to Stay," ECF No. 166), and Clayton also filed an application to file a successive § 2255 motion with the United States Court of Appeals for the Fourth Circuit. That application has not been granted. By Memorandum Opinion and Order entered June 23, 2020, the Court dismissed the Successive § 2255 Motion without prejudice for want of jurisdiction. (ECF Nos. 169, 170.) On June 24, 2020, Clayton filed a MOTION TO RECONSIDER DISMISSAL OF SUCCESSIVE § 2255 MOTION

FOR LACK OF JURISDICTION under Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 171.)

As a preliminary matter, as the Court has already dismissed the Successive § 2255 Motion, the Motion to Stay (ECF No. 165) and Amended Motion to Stay (ECF No. 166) will be denied.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Clayton fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice. Clayton, however, fails to demonstrate that the Court committed any error of law or that it is necessary to correct the prior decision in order to prevent manifest injustice. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995))).   As previously explained, the Court has not received authorization from the Fourth Circuit to file the Successive § 2255 Motion and the Court lacks jurisdiction at the time.   See Burton v. Stewart, 549 U.S. 147, 157 (2007).   Accordingly, Clayton's Motion for Reconsideration (ECF No. 171) will be denied.   A certificate of appealability will be denied.

The Clerk is directed to send the Memorandum Order to Clayton and counsel of record.

_____/s/_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 1, 2021

3